**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-00607-XR |
| | § | |
| JOSH SMITH, U.S. MARSHAL;  JOHN | § | |
| DOE MARSHAL 1,   JOHN  DOE | § | |
| MARSHALS   2-5,  RONALD  DAVIS, | § | |
| DIRECTOR OF THE U.S. MARSHALS | § | |
| SERVICE   (OFFICIAL   CAPACITY | § | |
| DEFENDANT     FOR | § | |
| ADA/REHABILITATION ACT CLAIMS); | § | |
| *Defendant* | § | |

## <u>ORDER</u>

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed September 10, 2025, ECF No. 12, and Plaintiff Matthew Andrew Garces's Motion to Proceed In Forma Pauperis, ECF No. 1.

Garces alleges that, on May 30, 2025, he was at the federal courthouse in San Antonio, Texas.  ECF No. 1-1 ¶ 6.  Six U.S. Marshals allegedly approached Garces "to deliver a court order . . . limiting [Garces's] access to" the courthouse building.  *Id.*  The Marshals allegedly surrounded Garces.  *Id.* ¶ 7.  Garces says he began recording the Marshals and asked them to identify themselves.  *Id.* ¶ 8.  Only two did so.  *Id.* ¶ 8.  During this encounter, the marshals allegedly "approached" Garces's service animal and "touched/interacted with him without seeking or obtaining [Garces's] consent."  *Id.* ¶ 11.

Based on this alleged encounter, Garces brings claims against the Marshals purportedly involved for violating his fourth amendment right against unreasonable seizure and his first

amendment right to record law enforcement. *Id.* ¶¶ 15–18. He also brings claims against both the Marshals and the Director of the U.S. Marshals Service in his official capacity, for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*

Plaintiff moved to proceed in forma pauperis—that is, "without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); 28 U.S.C. § 1915(a)(1). The motion was referred to Magistrate Judge Bemporad, ECF No. 1, who issued a Report and Recommendation recommending this case be dismissed, ECF No. 12. Judge Bemporad noted that, since this case was filed, Garces has been found a vexatious litigant and has been enjoined from filing civil suits in the Western District of Texas without first obtaining leave of court. *Id.* (citing *Garces v. Rossbach*, No. SA-25-CV-00441-JKP, 2025 WL 2544022, at *3 (W.D. Tex. Sept. 4, 2025)). Judge Bemporad recommended this case be dismissed without prejudice based on that pre-filing injunction. Garces filed objections to the Report and Recommendation.

## DISCUSSION

### I.    Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive[,] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law.  *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.    Analysis

### a.   The Report and Recommendation

Garces argues in his objections that (1) Judge Bemporad is disqualified from any involvement in this case; (2) Judge Bemporad should not have applied the pre-filing injunction to dismiss this case, because the case predated the pre-filing injunction; and (3) Judge Bemporad should have undergone the typical in forma pauperis analysis.  ECF No.  14.

As an initial matter, Judge Bemporad was not disqualified from presiding over parts of this case.  Garces previously moved for Judge Bemporad's recusal on the same grounds.  ECF Nos. 6–7.  The Court denied the motion and found recusal unwarranted.  Text Order Issued July 23, 2025.  Garces has not shown anything warranting a departure from that ruling.

Garces is, however, correct that the pre-filing injunction does not require dismissal of this case.  Garces filed this case on June 2, 2025.  ECF No. 1.  The pre-filing injunction was issued on September 4, 2025.  *Garces v. Rossbach*, 2025 WL 2544022.  The injunction bars Garces from "filing a civil suit in the Western District of Texas unless he first obtains permission to file such a suit from a judge of this court."  *Id.* at *3.  It does not require dismissal of suits that, like this one, were filed before the injunction was entered.  *See Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) ("Receipt of the complaint by the court clerk . . . determines the time of filing.").

Because the pre-filing injunction does not support dismissal of the case, Garces is correct that the typical in forma pauperis analysis under 28 U.S.C. § 1915 is warranted.

### b.   In Forma Pauperis Motion

Rather than refer Garces's Motion to Proceed In Forma Pauperis back to Judge Bemporad, the Court will independently analyze it. *See* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition."). A court "may authorize the commencement . . . of [a] suit, action[,] or proceeding" "in forma pauperis," meaning "without prepayment of fees or security," if the plaintiff submits an affidavit indicating they are not able to pay the fees and costs. 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 139 (5th Cir. 1997). Courts exercise discretion in determining whether to grant in forma pauperis status in civil matters. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "The Court must examine the financial condition of the applicant to determine whether the fees would 'cause undue financial hardship.'" *Marrero v. Mayorkas*, No. 3:25-CV-00052-KC, 2025 WL 2555688, at *1 (W.D. Tex. Aug. 26, 2025) (quoting *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)), *report and recommendation adopted*, No. EP-25-CV-52-KC, 2025 WL 2550861 (W.D. Tex. Sept. 4, 2025). "This entails a review of other demands on [the] plaintiff's financial resources, including whether the expenses are discretionary or mandatory." *Id.* (quoting *Prows*, 842 F.2d at 140).

Garces claims under penalty of perjury that he has no income, no money, over $3,000 in monthly expenses, and over $100,000 in debt. ECF No. 1. As such, the Court finds that Garces "cannot pay the filing fee without experiencing undue financial hardship." *Ejim v. Thomas J. Henry, PLLC*, No. 1:25-CV-1103-ADA-SH, 2025 WL 2399237, at *1 (W.D. Tex. July 29, 2025), *report and recommendation adopted,* No. A-25-CV-01103-ADA-SH, 2025 WL 2394553 (W.D. Tex. Aug. 18, 2025). The Motion to Proceed In Forma Pauperis is **GRANTED**.

   *c. Section 1915(e) Analysis*

However, 28 U.S.C. Section 1915(e) requires a court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action" is "frivolous or malicious," "fails to

state a claim," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). Because Garces fails to state a claim, this case must be dismissed.

In determining whether a case has failed to state a claim under Section 1915(e), courts apply the same standard used to evaluate a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To survive, the complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *DeMoss*, 636 F.3d at 152 (quotation marks omitted) (*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (same).

Garces has failed to state a claim for an unreasonable seizure under the fourth amendment. A "seizure occurs when an officer '*objectively* manifests an intent to restrain' the liberty of an individual through . . . a show of authority." *United States v. Larremore*, 150 F.4th 463, 470 (5th Cir. 2025) (quoting *United States v. Wright*, 57 F.4th 524, 530 (5th Cir. 2023)). "An officer makes a sufficient show of authority when 'all of the circumstances surrounding the incident [suggest that] a reasonable person would have believed that he was not free to leave.'" *Larremore*, 150 F.4th at 471. Some factors to consider are: "(1) the threatening presence of several police officers; (2) the display of a weapon by an officer; (3) physical touching of the person of the citizen; and (4) the use of language or tone of voice indicating that compliance with an officer's request was compelled." *United States v. Larremore*, 150 F.4th 463, 472 (5th Cir. 2025) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). But the inquiry is not limited to these factors; courts must "ultimately [consider] the totality of the circumstances." *Id.* (citing *United States v. Flowers*,

6 F.4th 651, 655 (5th Cir. 2021)). The Court notes that on May 29, 2025, Judge Fred Biery barred Plaintiff from going to the Clerk's office because of prior disturbances that he has caused, and Judge Biery directd that Plaintiff was to wait at the Court Security Officer's front entry station for a deputy clerk to receive any filings Plaintiff wished to make. See 25-cv-252, ECF No. 7 (May 29, 2025).

Further, Garces has not sufficiently alleged a seizure. Garces says that the Marshals "surrounded [him] in a tight circle" and had weapons. An officer's possession of a holstered firearm carries "little weight in the [seizure] analysis." *Larremore*, 150 F.4th at 472 (quoting *United States v. Drayton*, 536 U.S. 194, 204–205 (2002)). And although Garces alleges several officers were present, there is no allegation that the officers touched Garces or requested him to do anything, let alone in a way that suggested they were compelling compliance. To be sure, several officers surrounding someone, as a general matter, points towards a seizure taking place. But standing alone, it is not enough, especially when Garces was entering a federal courthouse, where one must generally go through a security checkpoint in the presence of several U.S. Marshals and the Plaintiff was ordered not to go to the Clerk's office. U.S. Marshals—even six of them—approaching in that context would not make "a reasonable person . . . believe[] that he was not free to leave." *Larremore*, 150 F.4th at 471. Plaintiff was at all times free to leave; he was, however, ordered by Judge Biery not to enter the Clerk's office.

Next, Garces does not state a claim for a violation of his first amendment right to record law enforcement. There is a first amendment right to film "government officials engaged in their duties in a public place." *Turner v. Lieutenant Driver*, 848 F.3d 678, 690 (5th Cir. 2017) (quoting *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011)). But that right "may be subject to reasonable time, place, and manner restrictions." *Id.* (same). And Garces "has no First Amendment right to

record videos or take pictures inside a federal courthouse." *Lara v. Unknown U.S. Marshal*, No. 1:24-CV-00188, 2025 WL 1521354, at *17 (S.D. Tex. Apr. 10, 2025), *report and recommendation adopted sub nom. Lara v. 1 Unknown U.S. Marshal*, No. 1:24-CV-00188, 2025 WL 1519918 (S.D. Tex. May 28, 2025).

Finally, Garces does not adequately state a disability discrimination claim under the Americans with Disabilities Act or under the Rehabilitation Act. Courts generally "equate[ ] liability standards under § 504 [of the Rehabilitation Act] and the ADA." *J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023) (citing D.*A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010)), *cert. denied*, 144 S. Ct. 2658, 219 L. Ed. 2d 1285 (2024). For these claims, Garces must plead facts showing:

> (1) that [he] is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which [a] public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 813 (5th Cir. 2025) (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)).

Garces alleged that some of the Marshals interacted with his service animal without obtaining Garces's consent to do so. Garces cites a regulation requiring public entities to "modify [their] policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. 35.136(a). But he has not pleaded facts describing how the Marshals' conduct equates to a failure to "permit the use of a service animal." *Id.* More broadly, he has not pleaded facts sufficient to infer that the Marshals "discriminated against" him "by reason of his disability." *Carter*, 144 F. 4th at 813. Garces's allegations do not state a claim under the ADA or the Rehabilitation Act.

In sum, Garces' complaint is deficient as to all claims.  So dismissal is proper under 28 U.S.C. Section 1915(e).

## CONCLUSION

For the foregoing reasons, Plaintiff Matthew Andrew Garces's Motion to Proceed In Forma Pauperis (ECF No. 1) is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's claims and this case are **DISMISSED WITHOUT PREJUDICE.**

Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.  Rule 15(a) provides that leave to amend shall be 'freely' given 'when justice so requires.'  The language of this rule evinces a bias in favor of granting leave to amend.  Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.'" *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted).  Here, the filing of any amended complaint would be futile.

It is so **ORDERED**.

**SIGNED** this 7th day of October, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE